DAVID W. MOORE v. COUNTY OF RAMSEY.[1]

March 27, 1908.

Nos. 15,491—(215).

**Grading Contract.**

A contract for grading a road above its level referred to the bid and proposal of the contractor which was on file in the county surveyor's office and to plans and specifications annexed to the contract. The specifications on file in the surveyor's office contained this clause: "There will be no allowance for overhaul on material moved 2,000 feet or less." The plans annexed to the contract did not contain that clause. It is *held* that the terms of the bid and proposal were incorporated into the contract and that the clause quoted was one of the terms of that contract; that plaintiff could recover the reasonable value of the material moved more than two thousand feet.

**Executed Contract—Ultra Vires.**

In view of the fact that the contract had been executed, and benefit thereunder conferred on the county, questions as to the ultra vires character of the contract were eliminated.

**Judgment.**

Judgment was properly entered for the specific sum which was claimed to be due under the contract, and which had previously been allowed by the county commissioners.

Action in the district court for Ramsey county to recover $1,314.30 upon a contract for grading a certain road, also to have the contract amended by adding to the specifications attached thereto the words

[1]Reported in 115 N. W. 750.

"There will be no allowance for overhaul on material moved two thousand feet, or less." The case was tried before Kelly, J., who made findings and ordered judgment in favor of plaintiff for $91.70. From an order denying plaintiff's motion to set aside the decision and for a new trial, plaintiff appealed. Reversed and new trial granted.

*Walter L. Chapin,* for appellant.

*Richard D. O'Brien* and *Patrick J. Ryan,* for respondent.

JAGGARD, J.

The main contention of plaintiff is that he should be allowed a reasonable sum, under a contract with defendant to grade a certain road above its level, for being compelled to haul clay and gravel required for the work a greater distance than two thousand feet. The controversy turns on the following provision of the specifications: "There will be no allowance for overhaul on material moved 2,000 feet or less." Inferentially there would be an allowance for overhaul on material moved more than two thousand feet. Three sets of specifications were prepared—one for the use of the county auditor and board of county commissioners; another to be given the contractor who secured the job; a third for use in the surveyor's office. Both the set in the surveyor's office and the contractor's set contained the clause just quoted. The set in the county auditor's office did not contain it. The county auditor advertised for bids for proposals as per plans and specifications on file in the office of the county surveyor. Plaintiff tendered a bid expressly in accordance with the plans and specifications in the office of the county surveyor. The bond accompanying this bid also referred to the plans and specifications in the office of the county surveyor. This bid and bond were approved by the county commissioners. The county attorney was directed to prepare the contract. The contract expressly referred to "the plans and specifications therefor, and the bid or proposal [of the contractor] * * * which said plans, specifications, and proposal are hereto annexed and made a part of this contract." In the specifications actually annexed the clause did not appear. The complaint, setting forth these facts, asked for the re-reading of the contract so as to conform to the bid and for the allowance of a reasonable sum for the overhaul. It also sought recovery of $91.70 allowed by the commissioners for

ditches outside the specifications. The court below refused to read into the specifications the clause relating to overhaul, and excluded all evidence tending to show the amount of such overhauls. From an order denying a new trial, plaintiff appealed.

In full sympathy with the avowed desire of the trial court to protect the public, we are reluctantly compelled to reach the conclusion that the reference by the contract to the bid and proposals which incorporated the clause must be construed as making that clause a part of the contract, although the plans and specifications annexed did not contain it. It is elementary that, where a contract refers to another instrument as a part of itself, the terms of such instrument are incorporated into the contract. See Kingsley v. Anderson, 103 Minn. 510, 115 N. W. 642. Inasmuch as the contract executed referred to the bid and proposal, and the bid and proposal contained the clause, the clause was a part of the contract. The questions as to reformation, in this view, need not be considered.

It has been urged that because of chapter 95, p. 120, Laws 1903, it is "doubtful whether the county commissioners could lawfully have made a contract containing such a clause as the one here in controversy, which might double the cost of a work, and yet be so concealed in meaning as to deceive even a careful man." In view, however, of the fact that the contract has been executed, the work done, and the benefit conferred on the county, the question as to the ultra vires character of the contract has been eliminated. Bell v. Kirkland, 102 Minn. 213, 113 N. W. 271.

With respect to the item of $91.70 previously allowed by the county commissioners, the conclusion of the trial court that this was a claim against the county, and that plaintiff was entitled to have judgment against the county for that sum, was obviously correct.

Reversed and new trial granted.