## FARGO FOUNDRY COMPANY v. VILLAGE OF CALLAWAY.[1]

February 24, 1921.

No. 22,138.

**Village liable on void contract—measure of recovery.**

1. Where a village contracts for a municipal improvement which it has power to make, but the contract is void because not made after competitive bidding as required by law, the village is obliged to pay for any benefit it receives through performance of the contract, not because of the contract, but because of a general obligation to do justice. The measure of recovery is not the value of material and cost of labor, but the amount of benefit the village receives.

**Net benefit is the measure of recovery.**

2. If some part of the work is of value and another part a detriment, the net benefit is the measure of the obligation of the city to pay.

**Faulty assignment of error.**

3. A general assignment that the court erred in overruling objection to evidence cannot be considered, unless the evidence excepted to is pointed out.

Action in the district court for Becker county to recover $1,267.34 for repairing and rebuilding a municipal water tower tank and steam heating system. The facts are stated in the opinion. The case was tried be-

[1]Reported in 181 N. W. 584.
148 M.—18.

fore Roeser, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict for $366.45. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Peter F. Schroeder* and *Pollock & Pollock,* for appellant.

*H. N. Jenson,* for respondent.

HALLAM, J.

1. Defendant is an ordinary village corporation. In November, 1917, it undertook to enter into a contract with plaintiff by which plaintiff was to furnish all labor and material for repairing a steel water tank belonging to the village for $580, and to furnish and install a new tubular boiler to carry steam to the tank for $420. The water tank was repaired and the boiler installed. The contract was void because not let upon competitive bids as required by G. S. 1913, § 1279. Plaintiff thereupon sued on quantum valebant, alleging the value of the labor and material furnished to be of the sum of $1,267.34. No question was raised that labor and material of some value were furnished in the repair of the tank. The main defense was that the boiler as installed was wholly worthless, and, worse than that, that it became a burden to the extent that defendant was obliged to incur expense in removing it. The jury returned a verdict for $366.45.

The improvement served a municipal purpose and the contract was one that the city had power to make, and, had the essential requirements of the law been complied with, the contract would have been enforceable. In such a situation the village may be compelled to pay the value of what it has received. The express contract disappears from the case. The cause of action arises, not from any contract on the subject, but from the general obligation to do justice which binds all persons, natural and artificial. First Nat. Bank v. Village of Goodhue, 120 Minn. 362, 139 N. W. 599, 43 L.R.A.(N.S.) 84. The obligation to pay is measured by the benefit which the village has received.

Plaintiff urges that it is entitled to the full amount of its claim, on the theory that the intrinsic value of the material furnished and the cost or value of the labor furnished were of that amount, that in law the benefit to defendant was this intrinsic value, irrespective of any use or

failure of use as desired by the village, and that, whether the heating system performed the purpose desired by the village or not, its reasonable cost was the amount which the village must pay. We cannot sustain this contention. The heating plant was installed as a system. If, as a system, it was worthless and defendant was obliged to discard it at an expense, defendant has received no value for which it is required to pay. This does not proceed on the theory of express warranty, for there could be no express warranty without an express contract, and there is no valid express contract. When the express contract falls, any and all express warranties must fall with it.

Nor does it proceed on the doctrine of an implied warranty. Obligations such as this are sometimes called contracts implied in law, or quasi or constructive contracts. In fact they are not contracts at all, for there is no agreement. The obligation is imposed without regard to the assent of the party bound. The use of the term contract rests solely on a legal fiction. Such obligations were originally called contractual or quasi-contractual, in order to secure their enforcement by the common law action of assumpsit, at a time when it was considered that a right could not be enforced, unless it could be fitted into some existing form of remedy. To maintain assumpsit, it was necessary that there should be a promise, and to meet this requirement the courts resorted to the fiction of a promise where none in fact existed. 2 Harvard Law Rev. 63; Keener, Quasi Contracts, c. 1; Pomeroy, Remedies (3d ed.) §§ 512, 541; Nevada Co. v. Farnsworth, 89 Fed. 164; People v. Dummer, 274 Ill. 637, 113 S. E. 934; Mathie v. Hancock, 78 Vt. 414, 63 Atl. 143. Even now, long after the abolition of assumpsit as a form of action, these obligations are commonly expressed in terms of contract. Deane v. Hodge, 35 Minn. 146, 27 N. W. 917, 59 Am. Rep. 321. There is no necessity for doing so. Since technical forms of action have been abolished, the use of legal fiction is gone, and the fiction ought to be abandoned. The village is obliged to pay on the same principle applied in an action for money had and received, that is, that in equity and good conscience the deefendant ought to pay. Heywood v. Northern Assurance Co. of Detroit, 133 Minn. 360, 158 N. W. 632, Ann. Cas. 1918D, 241.

2. Plaintiff contends that, even on this theory, the amount of the ver-

dict is inadequate. The repair of the water tank was well done. Plaintiff's oral evidence is that the value of this labor and material was $708.77. The void contract may be taken as an admission by plaintiff that the value of this work was $580. The verdict was for less than this amount, and the jury apparently found that the heating system was not only worthless but a bill of expense, and must have found that the net benefit to defendant was less than the reasonable value of the repair to the tank. There was evidence from which they might so find. There was evidence that, after plaintiff had made its repairs, the tank and its connections were again damaged by freezing due to the insufficiency of the boiler, and also evidence that, in repairing this damage and in removing the boiler, defendant was obliged to incur an expense approximating $500. The jury were entitled to take these things into account in determining what benefit the defendant actually received at the hands of plaintiff. The evidence sustains the verdict.

Evidence as to the cost of removal of the heating system was therefor properly received. The cost of removal was in no proper sense a counterclaim. It was part of the evidence bearing on the question of the real benefit which defendant received through the transaction.

There is some claim that, due to advance in prices, the value of the material used in the heating system would, if taken out, have reimbursed plaintiff for the amount of its claim, and that plaintiff offered to remove the plant and credit defendant with the price charged for it, but that defendant refused to permit its removal. Defendant's witnesses deny that there was any such negotiation. There is no evidence that defendant derived any benefit from the material removed.

3. Plaintiff assigns as error "that the court erred in denying plaintiff's exception to evidence introduced by defendant." The evidence objected to is not referred to in the assignment of error or in the brief in such manner that we can locate it in the record. These seem to be sufficient reasons for our passing by this assignment of error.

Order affirmed.