THEODORE FRISCH AND OTHERS v. CITY OF ST. CHARLES
AND OTHERS.[1]

April 23, 1926.

No. 25,336.

**Restitution of public money paid out under void contract.**
   Judgment of dismissal of a taxpayers' action to compel the restitu-
tion of money reversed because all the record shows is a void contract
and the disbursement of public money thereunder. If that is all there
is to the case, there should be judgment for restitution.

   Municipal Corporations, 28 Cyc. p. 1732 n. 99.

Action by plaintiff taxpayers in the district court for Winona
county to compel the restitution to the city of St. Charles of $600
paid by the city to defendant Scott, a member of the city council,
for a lot upon which to build a new city hall. The case was tried
before Finkelnburg, J., who granted defendants' motion to dismiss
the action at the close of the plaintiffs' testimony. Plaintiffs ap-
pealed from the judgment. Reversed.
   *Eugene Miller, C. A. Spencer* and *Granger & Clemens*, for appellants.
   *S. H. McElhaney* and *Brown, Somsen & Sawyer*, for respondents.

STONE, J.
Plaintiffs, taxpayers therein, have made the city of St. Charles,
the members of its council, its treasurer and recorder defendants
in this action for the purpose of compelling the restitution to the
city of $600 paid to defendant Scott (a member of the council), for
a conveyance by him to the city of a lot upon which it was pro-
posed to build a city hall. At the close of plaintiffs' case, there
was a dismissal on motion of defendants. Plaintiffs appeal from
the judgment.

We have been informed in argument not only of the purchase of
the lot and its conveyance but also that the city has gone into

[1]Reported in 208 N. W. 650.

possession and has commenced to erect, if it has not substantially completed, its new city hall. But when we go to the record, all we find in the admissions of the pleadings and the proof for plaintiffs may be stated briefly as follows: The motion to buy the Scott property was passed by the city council at its meeting of July 14, 1925. Mr. Scott was present but did not vote. On the same day he and his wife executed and delivered a warranty deed of the lot, the recited consideration being the price fixed by the motion of the council, $600. On the fifteenth, the mayor and recorder gave Mr. Scott a warrant, which has been paid, upon the city treasurer for the purchase price. There is no proof and no admission that, if the city has taken possession, it is not in a position to surrender that possession and restore the status quo. The city's possession and actual use are alleged by answer and denied by reply. If the construction of the new building has been commenced, the record does not show it. So, as the sole legal elements of the case, we have the attempted purchase, the attempted conveyance and payment of the price.

The agreement for the purchase was void under the provisions of section 36 of chapter 57, p. 148, of the Special Laws of Minnesota for 1879, which is the charter of defendant city. That section provides that "No member of the city council shall be a party to, or interested in any job or contract with the city, and any contract in which any member of the city council may be so interested, shall be null and void." In addition, section 10305, G. S. 1923, makes it a gross misdemeanor for any public officer authorized to make or take part in making any contract in his official capacity to "voluntarily become interested individually" therein, directly or indirectly. But where property has changed hands under such an agreement and has been paid for, neither law nor equity will ordinarily compel a restitution of the purchase price. Village of Pillager v. Hewett, 98 Minn. 265; 107 N. W. 815; Moore v. County of Ramsey, 104 Minn. 30, 115 N. W. 750; Laird Norton Yards v. City of Rochester, 117 Minn. 114, 134 N. W. 644, 41 L. R. A. (N. S.) 473; First Nat. Bank of Goodhue v. Village of Goodhue, 120 Minn. 362, 139 N. W. 599, 43 L. R. A. (N. S.) 84; Williams v. National Cont. Co. 160 Minn. 293,

199 N. W. 919. The attempted contract, being void, is disregarded and in its place the quasi-contractual obligation to do justice is enforced. That obligation "binds all persons, natural and artificial." Fargo Foundry Co. v. Village of Callaway, 148 Minn. 273, 181 N. W. 584. A municipal corporation may be bound by it. Town of Balkan v. Village of Buhl, 158 Minn. 271, 197 N. W. 266, 35 A. L. R. 470, and cases cited.

The doctrine is too well-established to need discussion and if it had been shown that defendant city had so far progressed with the building of the new city hall on the property in question that it could not restore possession or ought not to be required to do so, the way to an affirmance would be clear. But all we have in this record is a void contract of purchase and, in its attempted execution, payment of $600 of the city's money to one who (so far as the *record* shows) had no right to take or retain it. The proof stopping there, the dismissal was improper. If there were nothing more to the case, there should be a judgment for restitution.

If it had been proved, as in the argument it has been claimed, that the city had not only gone into possession but had so far proceeded with the construction of the new building that, as a practical matter, it would have to complete it and retain the lot, the situation would be different. The purchase was within the powers of the city. It would be impossible practically to return the property to its original owner, and, only a fair and reasonable price having been paid, the money could not be recovered by or for the city. But there should be no judgment to that effect nor in this case should there be one against plaintiffs until it is determined on competent evidence that the value to the city of the property in question is not less than $600.

Judgment reversed.