FRED LUNDIN v. TOWNSHIP OF BUTTERNUT VALLEY.[1]

July 22, 1927.

No. 26,077.

**Bridge contract held invalid.**

[1] A township cannot let a valid bridge contract where the price exceeds $500, unless plans and specifications are on file with the town clerk when bids are called for. G. S. 1923, § 2595. And even a compliance with that statute will not make a valid contract unless a bond is filed when the contract is executed as provided by G. S. 1923, § 9700. For noncompliance with both statutes the court properly ruled that no recovery could be had upon the contract alleged.

**No recovery for reasonable value because of lack of evidence.**

[2] Nor could there be any recovery for the reasonable value of the labor and material furnished, for plaintiff offered no evidence to prove that the town had received any benefit therefrom or had appropriated any part to its beneficial use, the bridge upon which the same were expended having collapsed before it was finished or accepted by the town.

Bridges, 9 C. J. p. 439 n. 26; p. 442 n. 41, 44 New.

---

See note in 27 L.R.A.(N.S.) 1120; 39 L.R.A.(N.S.) 73; 19 R. C. L. 1064; 3 R. C. L. Supp. 992; 5 R. C. L. Supp. 1056.

[1]Reported in 214 N. W. 888.

Plaintiff appealed from an order of the district court for Blue Earth county, Comstock, J., denying his motion for a new trial. Affirmed.

C. J. Laurisch, for appellant.

H. L. & J. W. Schmitt, for respondent.

HOLT, J.

Appeal from an order denying a new trial, after a dismissal on defendant's motion.

[1] Plaintiff's action was to recover the agreed price and reasonable value for constructing a concrete bridge across a drainage ditch in the defendant township. The town board advertised for bids. No plans were on file with the clerk. Plaintiff and another contractor appeared. Each presented a so-called sketch and rough specifications with a bid, plaintiff's being for $1,578. That being the lower bid was accepted, and an entry thereof made in the minutes of the board. Later the board concluded to add four feet to the wings of the bridge, and agreed to pay plaintiff $80 additional therefor. This contract was likewise made a matter of record by the board. The engineer in charge of the drainage ditch was requested to oversee the construction, and to some extent the chairman of the board also looked after the job. It appears that plaintiff went ahead with the construction of the bridge strictly according to the agreements, and finished pouring the last concrete on the 18th of September, 1923. At that time the chairman of the board expressed a desire to fill the approaches to the bridge while a dredging machine was there and available. Plaintiff told the chairman this could not be done safely until the concrete in the abutments had had time to set, which would need about 30 days, and that, if they undertook to fill in before such time, they would have to assume the risk. In the absence of plaintiff the fill was made on the 19th or 20th of September and the bridge collapsed and became wholly useless, causing an obstruction in the ditch which had to be removed.

[2] Can there be any recovery against the township either on contract or for the reasonable value of the work? The trial court

held the contract void and excluded proof of reasonable value, and rightly so. Two statutes stand in the way of giving any binding effect to the contract. L. 1921, p. 406, c. 323, § 55 (G. S. 1923, § 2595) provides: "No contract for the construction or erection of a bridge shall be entered into by any county, town, village or city of the fourth class where the contract price of such bridge exceeds the sum of five hundred ($500.00) dollars," unless plans and specifications for the proposed bridge have been filed with the town clerk (if the town is to enter the contract) at least three weeks prior to the time bids are to be considered, and the published notice must refer to the fact that the plans and specifications are so filed. There was no compliance with this statute. G. S. 1923, § 9700, provides: "No contract with the state, or with any municipal corporation or other public board or body thereof, for the doing of any public work, shall be valid for any purpose, unless the contractor shall give bond," etc. No bond was given by plaintiff. It is plain that the contract on which plaintiff relies must be held void. Furthermore, there could be no recovery even though valid, for the bridge was neither completed nor accepted. The forms and supports for the concrete had not been removed when the bridge fell. Plaintiff offered to prove that he had paid for all labor and material so as to bring his contract from under the ban of § 9700 as applied in State ex rel. Morris v. Clark, 116 Minn. 500, 134 N. W. 129, 39 L.R.A.(N.S.) 43, but that could not avail him, for here was no bridge and no acceptance thereof possible.

Plaintiff was permitted to make an offer to prove reasonable value, after failing to show a right to recover upon a completed contract. The offer did not go far enough, and the court did not err in sustaining an objection thereto. The offer did not propose to show and, of course, could not show that the town had received any benefit whatever from the labor and material expended by plaintiff on the bridge. It had no bridge to use. Its débris was plainly a detriment. Nor was there an offer to show appropriation for the town's benefit of any part of the remnants of either the iron or lumber. It does appear that the ditch contractor demanded

that the obstruction created by the fall of the bridge be removed by the town. Plaintiff was undoubtedly damaged by those who destroyed the bridge by filling in the approach against his protest. But this is not an action in tort, and furthermore there is nothing to show that the town board as such directed the fill to be made, or that the chairman had any authority to order it.

This is not a case like Laird Norton Yards v. City of Rochester, 117 Minn. 114, 134 N. W. 644, 41 L.R.A.(N.S.) 473, or First Nat. Bank v. Village of Goodhue, 120 Minn. 362, 139 N. W. 599, 43 L.R.A.(N.S.) 84. In the first case the defendant had used and had had the benefit of the coal furnished, and in the latter defendant had expended for legitimate purposes the money borrowed without lawful authority, so that in both instances the municipality had benefited to the full amount for which a recovery was permitted. Where a contract is void but both parties have acted in good faith, as here, the law permits a recovery to the extent that the municipality has accepted of and benefited by a plaintiff's labor or material. This is held by the cases cited, and to the same effect is Fargo Foundry Co. v. Village of Callaway, 148 Minn. 273, 181 N. W. 584; Williams v. National Con. Co. 160 Minn. 293, 199 N. W. 919; Frisch v. City of St. Charles, 167 Minn. 171, 208 N. W. 650. So, under the law, we see no way in which plaintiff may recover of the town either on the contract or for the reasonable value of his work.

Plaintiff also declared on contract and quantum valebant for the $80 agreed on for addition to the wings. No statute is in the way of holding this contract valid; it being less than $100 did not call for bids. G. S. 1923, § 1096. But this additional work was never completed so that it could be accepted. Nor was it of any value to the town so that a recovery might be had on the theory of benefit received. Plaintiff had some 2,600 feet of lumber in the forms which he claims was destroyed or appropriated by the town when the bridge fell. But here again he must fail, for the offer of proof did not go far enough to show that the town had appropriated any part of the lumber or had made use thereof for any purpose. If plaintiff failed to rescue his property from the débris the loss must

fall on him. The town never intended to use the lumber in the forms. That was intended for a temporary use by plaintiff in doing the work. It was his from the start, and was to remain his property and had to be removed before the bridge was accepted.

The order must be affirmed.