# P. M. OLSEN v. INDEPENDENT AND CONSOLIDATED SCHOOL DISTRICT NO. 50, ST. LOUIS COUNTY.[1]

July 13, 1928.

No. 26,776.

**Where word "municipality" does not mean school district.**

1. School districts are not included in the word "municipality" as used in G. S. 1923, §§ 766-768.

**Judgment in taxpayers' suit against defendant district is not a bar to this action for reasonable value of services rendered.**

2. A judgment entered in a taxpayers' suit against a school district, restraining the performance of a contract, illegal for want of previous authorization by the voters, is not a bar to a suit by one of the contracting parties to recover for the reasonable value of the benefits which the district received from him.

**School district bound to pay reasonable value of benefit it has received.**

3. Under such circumstances the law substitutes the quasi-contractual obligation of the district to pay the reasonable value of any benefits which it receives in the transaction.

[1]Reported in 220 N. W. 606.

**How value of benefit to defendant may be proved by plaintiff.**
4. Where the amount of plaintiff's recovery rests upon the value of the benefits received by the defendant, the plaintiff may prove the reasonable worth and value of the services or merchandise involved, making a prima facie case of benefits to the defendant, who, if he chooses, may show the benefits to be less.

**Verdict for $340 sustained.**
5. The evidence sustains the finding of the jury that defendant received benefits from plaintiff's services.

Judgments, 34 C. J. p. 805 n. 14.
Schools and School Districts, 35 Cyc. p. 964 n. 4; p. 1053 n. 40; p. 1061 n. 24.
Work and Labor, 40 Cyc. p. 2848 n. 5.

Action in the municipal court of Duluth to recover for architectural services rendered defendant. The case was tried before Searls, J. and a jury. There was a verdict for plaintiff, and defendant appealed from the judgment, Funck, J. entered pursuant thereto. Affirmed.

*Jenswold, Jenswold & Dahle,* for appellant.
*Warren E. Greene,* for respondent.

WILSON, C. J.
Defendant appealed from a judgment.

Plaintiff is an architect. On June 29, 1926, he entered into a written agreement with defendant. He agreed to do architectural work in reference to the remodeling of a building formerly used as a schoolroom and then the superintendent's home, for which defendant agreed to pay him ten per cent as the basic rate computed upon the cost of the work as his compensation. The agreement was illegal because the improvement had not been previously authorized by the voters. This action is to recover for services rendered under the contract.

1. Defendant claims that plaintiff cannot recover because he did not comply with G. S. 1923, §§ 766, 767 and 768, which provide that no claim or demand against any "municipality" can be allowed until a verified, itemized statement is filed giving the information required by the statute.

In ordinary parlance and general understanding, a school district is a municipality. Allen v. Ind. School Dist. No. 17, 173 Minn. 5, 216 N. W. 533, and cases cited. It is unfortunate that we must at times give very simple words a different meaning, due largely to the use made thereof as we construe the legislative intent. We have before us a very good example. The history of the statute leads us to the conclusion that the legislature did not intend to include school districts in the term "municipality." They did so intend in L. 1927, p. 202, c. 131, § 1.

The statute in question originated in L. 1869, p. 36, c. 27, and related to "towns and counties." At that time no similar provision related to villages or school districts. The language of L. 1869 was carried into G. S. 1878, c. 8, §§ 115 to 118, and G. S. 1894, §§ 687-690. Villages were brought within a similar provision in L. 1885, p. 148, c. 145, § 22, found in G. S. 1894, § 1231. In the revision of 1905, §§ 438-441, we find the language changed to "any municipality," which continued in G. S. 1913, §§ 760-763, and in G. S. 1923, §§ 766-769. The provision as to villages was carried into R. L. 1905, § 738; G. S. 1913, § 1300; and G. S. 1923, § 1222. Apparently there has never been any specific legislation of this character as to cities or school districts, unless it may be said that the revision of 1905 enlarged the territory theretofore included. In the absence of a clear intention to the contrary, the presumption is that no change in the existing law was intended by the commission or the adoption of its report by the legislature. State v. Ledbeter, 111 Minn. 110, 126 N. W. 477; Lockey v. Lockey, 112 Minn. 512, 128 N. W. 833; U. S. & C. Land Co. v. Sullivan, 113 Minn. 27, 128 N. W. 1112, Ann. Cas. 1912A, 51; Wipperman Merc. Co. v. Jacobson, 133 Minn. 326, 158 N. W. 606; Salmon v. Central Tr. & Sav. Bank, 157 Minn. 369, 196 N. W. 468. Indeed the report of the revision commission makes no specific reference to §§ 687 to 690, G. S. 1894, but on the contrary, on page 8, refers to G. S. 1894, c. 8, and says that it has been rewritten with a view to condensation, but without material change except as noted. It is clear therefore that the legislature has never expressed or manifested any intent, for the purposes of this law, of including school districts in the word "municipality."

2. One Wallace Ashby and other taxpayers brought an action to restrain the defendant and persons with whom it had made invalid contracts from performing the same. Judgment was entered in favor of plaintiffs, preventing the doing of the work contemplated by such contracts.

The issue in the Ashby case was illegality of the contracts for want of a previous authorization by the voters. But here the issue is as to whether plaintiff rendered services for defendant and, if so, what was the reasonable value of the benefit therefrom to defendant. The evidence necessary to sustain plaintiff in this action would not have sustained a judgment for plaintiffs in the Ashby case. Hence it is not a bar. The causes of action are not identical. Driscoll v. Commrs. of Ramsey County, 161 Minn. 494, 201 N. W. 945.

3. The defendant could legally make the contract involved had it first been authorized by the voters. As made, it was void because the requirements of the law were not met. The rule of law applicable to such a situation is that the district is obliged to pay for the reasonable value of any benefits which it receives. Williams v. National Contracting Co. 160 Minn. 293, 199 N. W. 919. The intended contract was not real. Hence the law substitutes the quasi-contractual obligation. Fargo Foundry Co. v. Village of Callaway, 148 Minn. 273, 181 N. W. 584; Town of Balkan v. Village of Buhl, 158 Minn. 271, 197 N. W. 266, 35 A. L. R. 470; Frisch v. City of St. Charles, 167 Minn. 171, 208 N. W. 650; Lundin v. Township of Butternut Valley, 172 Minn. 259, 214 N. W. 888.

4. In the instant case the court correctly gave to the jury the above stated rule of law. But the complaint merely alleged the reasonable value of the services. Plaintiff's proof was directed at the reasonable value thereof. No reference was made by plaintiff in his complaint nor in his proofs as to the value of the benefits inuring to defendant by reason thereof. Consequently it is urged that defendant was entitled to a directed verdict. If such is the rule, a plaintiff in an action of this character might have great difficulty in showing the extent of such benefits to the recipient. While this complaint is not a model, we think, particularly in view of the answer, that the parties understood the issue and that plain-

tiff's alleged delinquency in pleading and proof was without prejudice. Indeed we are of the opinion that while the complaint should allege value of benefits to the defendant, and plaintiff may prove such, it is permissible to adopt and follow the more simple rule of proving that fair and reasonable value of the services or merchandise involved which constitutes a prima facie case as to the benefits thereof to defendant. The burden is then upon the defendant to show, if it chooses, that its benefits are less. Cases may arise where this rule may not be applicable.

5. In this case the record is not satisfactory as to the manner or extent of the value of the benefits received. Much of the remodeling contemplated by the plans and specifications was never done. But after the performance of the contract was enjoined the defendant did some work on the building according to the plans furnished by plaintiff. One witness said that it was of a temporary character. The building was remodeled. A false ceiling was put in having the appearance of lowering the ceiling. Partitions were put in. A living room, dining room, two bedrooms and a hallway were provided. The plans called for all this and a bathroom. Nothing was done on the second floor where the plans provided for several rooms. The plans provided for a furnace in the basement, but this was not put in. The partitions put in extended to the ceiling. We have examined the record and, while we cannot determine the extent that the improvements followed the plans and specifications, we are of the opinion that the evidence was sufficient to support the finding that defendant received benefits from plaintiff's services to the extent indicated by the verdict.

Defendant may have availed itself of the use of the plans and specifications prepared for a comparatively extensive improvement, costing about $5,000, in the remodeling confined to one floor, costing about $500. It seems like an extreme case, but the matter was fairly submitted to the jury.

Affirmed.

DIBELL and STONE, JJ. (dissenting).

We agree that the defendant is liable in quasi contract but think the evidence insufficient to sustain the amount awarded as benefits.