# J. W. TURNER v. VALLEY NATIONAL FARM LOAN ASSOCIATION.[1]

December 19, 1930.

No. 28,133.

*A. N. Eckstrom* and *A. A. Trost,* for appellant.
*Rasmus Hage,* for respondent.

HOLT, J.

Plaintiff appeals from the order denying a new trial, there having been a verdict directed in favor of defendant.

The facts are these: At the times here involved the Warren National Bank was a going bank, and defendant was a corporation, both being organized under the laws of the United States. August A. Johnson was cashier of the bank and secretary-treasurer of defendant. While so acting and during the years of 1924 and 1925, at different times, defendant received sums of money from plaintiff as loans and to evidence the same executed promissory notes there-

[1]Reported in 233 N. W. 856.

for. On November 17, 1925, the Warren National Bank was closed. Thereafter plaintiff as receiver thereof brought an action in the federal court to recover on the promissory notes so given. A verdict was therein directed for the defendant on the ground that defendant was not authorized under the law to borrow money or give its promissory notes therefor. Judgment was rendered upon the verdict. Thereafter this action was brought for money had and received. On the ground that the former judgment was a bar, the learned trial court directed a verdict against plaintiff.

Was the judgment a bar to this action? A mere inspection of the pleadings shows the former action upon express contracts—promissory notes—is not the same as the present action for money had and received. The evidence under the former action, viz. the introduction of the notes, would not entitle plaintiff to a recovery under the complaint here; nor, vice versa, would the evidence herein have entitled plaintiff to a recovery in the former action, because of the answer therein alleging the invalidity of the promissory notes—being ultra vires. In the former action, in addition to a general denial, a special defense was set up that defendant was not authorized to borrow money or become indebted. But further, it is perfectly clear from this record that the verdict in the former case was directed on the sole ground that the complaint did not state a cause of action in that defendant was not authorized by the federal act under which it was organized to incur any indebtedness or execute promissory notes. The attorney who tried that case for defendant testified herein that he objected at that trial to any evidence under the complaint on the ground that it did not state facts constituting a cause of action, that the notes were offered in evidence and received subject to the objection of defendant, and then, when plaintiff rested, defendant moved for a directed verdict on the ground that pursuant to the law under which defendant was organized it "did not have the right to incur, issue or deliver to anyone other than the Federal Land Bank any evidence of or any indebtedness, and that it did not, as a matter of fact have a right to borrow money from anyone," and that the court granted a directed verdict on that ground. Upon cross-examination he testified that the notes were ruled out of the

case on the motion for a directed verdict, and that the court ruled that the complaint did not state a cause of action.

It therefore conclusively appears that the directed verdict rested wholly upon the proposition that the causes of action set out in the complaint, that is, the promissory notes defendant gave plaintiff, were invalid. There was no adjudication, nor could there be under that complaint, of the cause of action now set up, namely, that defendant has been enriched by plaintiff's money, which money in good conscience it ought not to retain. We need cite only one case to the proposition that the judgment rendered in the former action is not a bar to this action, for therein prior cases are fully cited and their application to the facts of this record made clear and controlling in favor of plaintiff. We refer to Ross v. Amiret Farmers Elev. Co. 178 Minn. 93, 226 N. W. 417.

That plaintiff upon the undisputed facts is entitled to recover as for money had and received is very clearly established by our decisions. Defendant received the bank's money, it became enriched to that amount without parting with anything whatever except the invalid notes it has repudiated. No other conclusion can be arrived at from the evidence. Surely the money so received and retained for defendant's use should in equity and good conscience be restored to plaintiff. The law in this state was well stated by Mr. Justice Mitchell in Brand v. Williams, 29 Minn. 238, 239, 13 N. W. 42, thus:

"An action for money had and received can be maintained whenever one man has received or obtained the possession of the money of another, which he ought in equity and good conscience to pay over. This proposition is elementary. There need be no privity between the parties, or any promise to pay, other than that which results or is implied from one man's having another's money, which he has no right conscientiously to retain. In such case the equitable principle upon which the action is founded implies the contract and the promise. When the fact is proved that he has the money, if he cannot show a legal or equitable ground for retaining it, the law creates the privity and the promise."

Other cases in point are First Nat. Bank v. Village of Goodhue, 120 Minn. 362, 139 N. W. 599, 43 L.R.A. (N.S.) 84; Grand Lodge A. O. U. W. v. Towne, 136 Minn. 72, 161 N. W. 403, L. R. A. 1917E, 344; Frisch v. City of St. Charles, 167 Minn. 171, 208 N. W. 650.

In the case at bar it was conclusively established that the money in the amount represented by the defendant's invalid notes was the bank's money, by its cashier turned over to defendant and retained by it for its use. While the law under which defendant was organized does not authorize it to borrow money and issue promissory notes therefor, there is nothing in such law which prevents the court from compelling it to restore the money of another which has wrongfully come into its coffers by means such as here employed. Defendant cites Highway Commrs. v. City of Bloomington, 253 Ill. 164, 97 N. E. 280, Ann. Cas. 1913A, 471, but we think the decision therein accords fully with ours above cited. Nor is there anything to the contrary in Hungerford v. Moore, 65 Ala. 232; Gile v. Interstate M. C. Co. 27 N. D. 108, 145 N. W. 732, L. R. A. 1915B, 109; Standard S. & L. Assn. v. Aldrich (C. C. A.) 163 F. 216, 20 L.R.A. (N.S.) 393, where the facts are wholly different from those here present.

The order is reversed.