VILLAGE OF PILLAGER v. S. M. HEWETT.[1]

June 8, 1906.

Nos. 14,798—(111).

**Recovery of Money Paid.**

The plaintiff and defendant entered into a contract, which was in every respect fair and reasonable, for the building of a bridge by the defendant for the plaintiff. The plaintiff had power to make the contract, but by reason of its failure to comply with the provisions of the statute as to the letting of the contract, it was void. The defendant in good faith performed the contract on his part, and built the bridge in accordance with the plans and specifications therefor. The plaintiff accepted the bridge, and voluntarily paid to the defendant therefor $500 in cash and $1,300 in its bonds. The bridge was carried away by a flood. This is an action to recover from the defendant the $500 and the bonds, or the amount thereof. *Held*, that the plaintiff cannot recover.

**New Trial.**

The trial court did not abuse its discretion in denying a new trial on the ground of plaintiff's surprise by the testimony of a witness called by the defendant.

Appeal by plaintiff from an order of the district court for Hennepin county, John Day Smith, J., denying a motion for a new trial, after a trial before Elliott, J., who found in favor of defendant. Affirmed.

*A. T. Larson,* for appellant.

*James D. Shearer* and *Belden, Jamison & Shearer,* for respondent.

START, C. J.[2]

Action to recover from the defendant the sum of $500 and village bonds to the amount of $1,300 paid and delivered by the plaintiff village to the defendant upon an alleged void contract for building a bridge for the village by the defendant. The cause was tried by the court without a jury. Findings of fact were made by the court, and as a conclusion of law, judgment was ordered for the defendant denying the plaintiff any relief, and the plaintiff appealed from an order denying its motion for a new trial.

[1] Reported in 107 N. W. 815.
[2] ELLIOTT, J., took no part, having heard the case in the district court.

The principal question presented by the record for our consideration is whether the conclusion of law of the trial court was justified by the facts found, which, briefly stated, are these: The plaintiff is a village duly organized by virtue of Laws 1885, p. 148, c. 145. On October 9, 1903, the plaintiff and defendant entered into a written contract for the erection by the defendant of a combination bridge, according to plans and specifications agreed upon, over the Crow Wing river. The defendant built the bridge in all respects according to the plans and specifications and completed it April 1, 1904. Shortly thereafter the village council inspected the bridge and accepted the same. The plaintiff paid to the defendant during the month of March, 1904, the sum of $500 in money, and delivered to him its bonds in the sum of $1,300 pursuant to the contract for the building of the bridge, but has refused to pay the balance of the contract price for building the bridge on the ground that the contract is void. The contract was within the power of the plaintiff under the laws of this state, but was not entered into in the manner and form provided and required by the statutes, but it was entered into privately, and not upon and after advertisements for bids, as is required by law. Defendant, however, fully complied with the contract and the same is an executed contract on his part and has been partially executed by the plaintiff by the payment of the money and the delivery of the bonds. The contract in question was entered into in good faith, and the price to be paid for the bridge thereunder was fair and reasonable; the profits made by the defendant under the contract were the usual profits on such structures, the bridge was necessary for the village, appropriate to the place, such as was required by the physical conditions, and the village was justified in contracting for and constructing it. It conclusively appears from the evidence that after the acceptance of the bridge it was carried away by a flood.

We have, then, a case where the plaintiff, a municipal corporation, was authorized by law to enter into a valid contract for the building of a bridge, and in form did so with the defendant, but by reason of its failure to comply with the details required by the statute (Laws 1885, p. 170, c. 145, § 51), in letting the contract, it was void. It may be conceded that the defendant could not have maintained an action on the

contract to recover the contract price for the bridge, although he had fully performed the contract on his part; for upon the grounds of sound public policy the doctrine of ultra vires is applied with greater strictness to municipal than to private corporations. This, however, is an action, in the nature of an action for money had and received, which is based upon equitable principles, to recover back the consideration paid by the plaintiff to the defendant for building a bridge which was accepted by it, and which fully complied with the terms of the contract. The fact that the bridge was afterwards carried away by a flood is not material, for it was not due to any fault of the defendant or any one else. After the acceptance of the bridge it became public property, which from its nature could not be restored to the defendant, and, of necessity, the plaintiff would retain and enjoy the benefits thereof so long as it stood. The defendant in good faith received the money and bonds in payment of the bridge which he had built for the plaintiff. The consideration for such payment was full and fair, and, in equity and good conscience, it ought to have been made by the plaintiff. Such being the case, it would be most inequitable and unconscionable to compel the defendant to return the money and bonds paid to him under the circumstances found by the trial court, and we hold that the plaintiff cannot maintain this action to recover them. Farmer v. City of St. Paul, 65 Minn. 176, 67 N. W. 990, 33 L. R. A. 199; Brown v. City of Atchison, 39 Kan. 37, 17 Pac. 465, 7 Am. St. 515.

The case of Borough of Henderson v. County of Sibley, 28 Minn. 515, 11 N. W. 91, cited by plaintiff's counsel, is not opposed to this conclusion, for in that case there was a total want of power on the part of the county under any circumstances to enter into the contract which was the sole consideration for the payment of the money which the borough sought by the action to recover back. In this case the plaintiff had the power to make the contract, but it was void, and only so, by reason of an irregular exercise of the power by the plaintiff village, nevertheless the defendant fully performed the contract and the plaintiff voluntarily made the payment for which it received full consideration. But in the case cited, the county agreed with the borough in consideration of $5,000 paid by it to build a courthouse, give to the borough the right to use a portion of the building as a municipal hall,

and if the county seat should at any future time be removed from the borough the county should have the option of transferring the courthouse and the land upon which it stood to the borough upon the payment of $3,000, or of refunding to the borough the $5,000 paid. The courthouse was built. There was, however, a total want of power on the part of the county commissioners to make the contract and the borough received no consideration whatever for the payment of the $5,000, except the supposed but unenforceable executory obligations of the county. The court held that the county having appropriated without rendering a consideration therefor and used the money of the borough, an obligation both moral and legal rested upon the county to make restitution.

The plaintiff in this case was not entitled to a new trial on the ground of surprise by the testimony of a witness called by the defendant as to the acceptance of the bridge. No attempt was made on the trial to refresh the recollection of the witness by calling his attention to the alleged statements made out of court which were inconsistent with his testimony, or to lay any ground for impeaching him, or to secure a continuance of the cause on account of the alleged surprise. On the contrary no suggestion of surprise was made on the trial, but it was first made on the motion for a new trial. The trial court did not abuse its discretion in denying a motion for a new trial on this ground. Wester v. Hedberg, 68 Minn. 434, 71 N. W. 616.

The assignments of error are not sufficient to raise any questions as to the admission of evidence.

Order affirmed.