[Civil No. 3,651. Filed January 27, 1936.]

[53 Pac. (2d) 863.]

WILLIAM RYAN and ANNA RYAN, Copartners, Doing Business as RYAN AND COMPANY, Appellants, v. FRANK H. THOMAS, Treasurer of Gila County, Arizona, Appellee.

Mr. George M. Hill, for Appellants.

Mr. Rouland W. Hill, for Appellee.

LOCKWOOD, C. J.—William Ryan and Anna Ryan, copartners, doing business as Ryan and Co., hereinafter called plaintiffs, brought suit in the superior court of Gila county against Frank H. Thomas, treasurer of Gila county, Arizona, hereinafter called defendant, seeking a declaratory judgment under the provisions of article 12, chapter 93, Revised Code 1928. The facts involved are in nowise in dispute, and may be stated as follows: About the 1st of June, 1933, plaintiffs sold and delivered to the board of school trustees of School District No. 1, Gila county, certain goods, wares, and merchandise, for which the district agreed to pay plaintiffs the sum of $441.70. Thereafter the trustees caused a voucher to be drawn, directing the county school superintendent of Gila county, Arizona, to draw a warrant on the school fund of the said district which, under the law, was held by defendant as treasurer. On the 27th day of June this warrant was drawn in proper form and immediately presented to the treasurer for payment. At this time there were insufficient funds on deposit with defendant belonging to School District No. 1 to pay the warrant. The defendant, therefore, in accordance with law, marked it as presented, but not paid for want of funds, and duly registered it. The school year, during which the goods were sold and the warrant issued as aforesaid, ended on June 30, 1933. Thereafter, and during the school year beginning July 1, 1933, and ending June 30, 1934, defendant received at various times certain funds as the state and county apportionment for School District No. 1. These funds were far in excess

of the amount required to pay the warrant issued to plaintiffs and the interest thereon, but instead of using them to pay plaintiffs' warrant, defendant used them to pay various warrants against the district for indebtedness incurred during the school year July 1, 1933, to June 30, 1934, and represented by warrants presented and registered subsequent to that held by plaintiffs, and has refused to pay plaintiffs' warrant. He gives as a reason therefor that he is prohibited from using any of such funds so received by him for indebtedness incurred by the district during the school year ending June 30, 1933, unless there remains in his hands a surplus after paying all the salaries of teachers and other employees of the district and contingent expenses for the year beginning July 1, 1933, and ending June 30, 1934, and that after paying these alleged preferred expenses there has been no surplus available for the payment of plaintiffs' warrant.

The issue for our determination is purely legal, and depends upon the proper construction of sections 787, 867, 869, and 1026, Revised Code 1928. These sections read as follows:

"§ 787. Warrants. Warrants drawn by the supervisors on the county treasurer for the current expenses during each year must specify the liability for which they are drawn, and when they accrued, and must be paid in the order of presentation to the treasurer. If the fund is insufficient to pay any warrant, it must be registered, and thereafter paid in the order of its registration."

"§ 867. Payment of warrants; interest if not paid. When a warrant of the board of supervisors is presented for payment, the treasurer shall pay the same, and write or stamp on the face thereof 'paid,' the date of payment, and sign his name thereto; if he cannot pay the same for want of funds, he shall indorse thereon, 'not paid for want of funds,' and the date of presentation, and sign his name thereto; and

from that time until paid the warrant shall bear six per cent per annum interest, except that school salary warrants may bear not to exceed eight per cent, to be fixed by the county superintendent of schools. He must keep a register of warrants presented for payment."

"§ 869. Order of payment of warrants. Warrants are entitled to preference of payment *out of the money applicable to such warrants* according to the priority of presentment. The treasurer, upon receipt of money not otherwise appropriated, shall set apart the same or so much thereof as is necessary for the payment of such warrants." (Italics ours.)

"§ 1026. Purposes for which school money may be used. Boards of trustees shall use the school money received during the school year from the state and county apportionment exclusively for the payment of salaries of teachers and other employees of the district and contingent expenses for the school year. If a balance remain in the school fund of a district after the expense of maintaining school for a period of eight months during the school year has been paid, such balance may be used in paying debts of the district incurred during the previous years for teachers' salaries and contingent expenses, or it may be expended for repairing the school house or improving the school ground, or in the purchase of school furniture, fixtures, equipment and supplies, but no part of said money may be used in paying interest or principal of the bonded debts of the district, or in the purchase of lands for school purposes. Funds received from sources other than state, county or school district levies, may be used in building schools or in purchasing lands for schools."

It is the contention of plaintiffs that section 869, *supra,* governs the payment of all warrants and that those of school districts, as well as others issued by the various boards of supervisors, must be paid in the order of their presentation and registration. Assuming that the section does apply to all warrants, it appears to us that plaintiffs have overlooked the

meaning and effect of the words, "out of the money applicable to such warrants" contained in said section.

 Section 1026 specifically provides how the money received during each school year from the state and county apportionment shall be used, and limits it first, to the payment of the expenses of the current year. Such being the case, we think that money has been expressly declared by the legislature not applicable to the payment of all registered warrants, but only to those of the first eight months of the current year, until all of the latter have been paid. A cardinal rule of statutory construction is that statutes are to be interpreted in the light of their purpose so far as that can be ascertained. It is very evident as to what the purpose of the legislature was in enacting section 1026, *supra*. It is notorious that in many cases in the past different school districts had incurred obligations to the uttermost limit permitted by law, regardless of the fact that there is always a greater or lesser deficiency in the actual collection of taxes, as compared with the amount levied. As a result, when a new school year started, the districts were frequently without sufficient funds to pay the salaries of teachers and the absolutely necessary contingent expenses for the maintenance of the public schools of the district for that year. Warrants accumulated to the extent that it was impossible for those receiving them to secure their full face value, and the burden thus imposed upon their recipients was extremely heavy, so that the districts in that situation were greatly hampered in the maintenance of their schools. For this reason, undoubtedly, the legislature provided that debts for one year could not be carried over to another so as to lessen the state and county appropriation available for the

maintenance of the schools in the current year, thus insuring that the schools would start each year with a clean slate, so far as those funds were concerned. An economical and honest school board might, and doubtless would, endeavor to keep its expenses for the current year down to the smallest reasonable sum consistent with the maintenance of school for the statutory period, so that it might save money to pay its previous debts, but it could not save anything from the state and county apportionment until and unless it had first cared for the maintenance of the schools for eight months during the current year. The rights. of the children to their education were held to be superior to that of the creditor to his money. It is, of course, the law that any person dealing with a municipal corporation is bound to do so subject to the limitations imposed by law upon the corporation. In this case, plaintiffs were bound to know that if the funds collected by the district in 1933 were not sufficient to pay its bills, they could not look to the state and county apportionment for 1934 for that purpose until the expenses of the current year had been paid. Such being the case, the treasurer, under the agreed facts of the case, properly refused to pay plaintiffs' warrant. It is doubtless true that plaintiffs have in good faith furnished merchandise to the district, and are morally entitled to have their claim paid, but since the legislature, before the incurring of the indebtedness, specifically limited their rights and those of all others in a similar situation, to collect their bills from certain specified funds, they must accept the limitation. Any change in the law must come from the legislature, and not from the courts.

The judgment is affirmed.

McALISTER and ROSS, JJ., concur.