■ JULIUS M. GERZOF, Respondent-Appellant, v. ROBERT J. SWEENEY, as Mayor of the Incorporated Village of Freeport, et al, Respondents; and NORDBERG MANUFACTURING CO., Appellant-Respondent. ROBERT J. SWEENEY et al., Appellants-Respondents.— Judgment of the Supreme Court, Nassau County, entered March 6, 1967, modified, on the law and the facts, by: (A) striking therefrom the second decretal paragraph and inserting in lieu thereof a provision to the effect that after return of the purchase price defendant Nordberg shall have the option to remove the subject generator at its own expense, upon the following terms and conditions: (1) Within 30 days after the entry of the order hereon, Nordberg shall serve upon the Village Clerk of the Village of Freeport and file with the clerk of the trial court a written notice of intention to remove the generator; (2) Prior to such removal, and within 60 days after the entry of the order hereon, Nordberg shall furnish an undertaking, with corpo-

rate surety, in the sum of $350,000, to indemnify the Village for: (a) the cost, at the then current market prices in excess of $757,625, of purchasing and installing a generator of equivalent capacity, quality, efficiency and cost of operation; (b) the cost of necessary preparation of the premises for the installation of such new equipment; and (c) the difference between the cost to the Village of the purchase of electricity during the necessary interval between removal of the generator and the installation of a replacement and the amount the Village will save during said interval by not being required to maintain and operate the generator (i.e., what it would cost for fuel, lubricants and maintenance of the generator, and bond interest on $757,625); (3) Removal of the generator shall be completed within 90 days after entry of the order hereon; and (4) The parties may agree in writing to a different time schedule. (B) striking from the fourth decretal paragraph the words and figures "counsel fees in the sum of Twenty-Five Thousand and 00/100 Dollars ($25,000), together with" and adding in lieu thereof a new decretal paragraph to the effect that counsel fees in said amount be awarded to plaintiff, to be paid to him by the Village Treasurer out of the fund payable under the third decretal paragraph by defendant Nordberg to the Village. As so modified, judgment affirmed insofar as appealed from, without costs. Settle order on ten days' notice. Since this is an action for recovery-back, as distinguished from an action on a contract for payment of the contract price or in *quantum meruit,* equitable principles govern (*Ryszka* v. *Board of Educ.,* 126 Misc. 622; cf. *Shoemaker* v. *Buffalo Steam Roller Co.,* 165 App. Div. 836; *Vincennes Bridge Co.* v. *Board of County Comrs. of Atoka County,* 248 F. 93; *Miller* v. *City of Des Moines,* 143 Iowa 409; *Village of Pillager* v. *Hewett,* 98 Minn. 265; *Sparks* v. *Jasper County,* 213 Mo. 218; see Ann. 140 A. L. R. 583). Under the circumstances of this case, it is our opinion that equity requires that after return of the purchase price Nordberg shall have the option to remove the generator upon the terms specified above (cf. *Spadanuta* v. *Incorporated Vil. of Rockville Centre,* 20 A D 2d 799, affd. 15 N Y 2d 755; *People ex rel. Schenectady Illuminating Co.* v. *Board of Supervisors,* 166 App. Div. 758; *La France Fire Engine Co.* v. *City of Syracuse,* 33 Misc. 516; *Sparks* v. *Jasper County, supra; Village of Bethesda* v. *Mallonee,* 60 Ohio Op. 107). Plaintiff having succeeded in this taxpayer's action, he is entitled to be protected from loss, by means of a reasonable allowance of counsel fees out of the fund to be received by the village (*Nance* v. *Town of Oyster Bay,* 54 Misc 2d 274; *Chase* v. *City of Syracuse,* 34 Misc. 144). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur. [52 Misc 2d 505.]