This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MICHAEL COUGHLIN and
M. KAY COUGHLIN,**

    Plaintiffs-Appellees/Cross-Appellants,

**vs.**

**CAI, LLC, AL LUCKETT and
CHRISTINE MCCARTHY,**

    Defendants-Appellants/Cross-Appellees.

**No. 32,816
Santa Fe County
D-101-CV-2012-02707**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Sheri A. Raphaelson, District Judge**

Katz Ahern Herdman & Macgillivray PC
Frank T. Herdman
Santa Fe, NM

for Appellees/Cross-Appellants

Behles Law Firm, P.C.
Jennie D. Behles
Albuquerque, NM

for Appellants/Cross-Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Defendants appeal from the district court's judgment of possession and resulting writ of restitution. Plaintiffs have cross-appealed asking this Court to set aside the stay of execution of the writ of restitution that resulted from Defendants filing their notice of appeal pursuant to NMSA 1978, Section 47-8-47 (1999), and has permitted Defendants to maintain possession of the property while this appeal is pending.  This Court issued a calendar notice proposing to affirm the district court's judgment of possession and the stay of execution of the writ of restitution. Defendants filed a memorandum opposing this Court's proposed disposition with respect to the district court's judgment of possession, and supporting our proposed resolution on Plaintiffs' cross-appeal.  Plaintiffs filed a memorandum supporting our disposition with respect to the district court's judgment of possession, and abandoning the claim of error raised in their cross-appeal.  As a result, this Court only addresses the district court's judgment of possession herein. Having considered the parties' arguments, we affirm.

{2}     The parties do not dispute that Defendants did not pay rent for at least the months of August and September 2012. Instead, Defendants argued in their docketing statement that nonpayment of rent was due to (1) Plaintiffs' breach of an alleged

agreement that Defendants would continue to lease the property and (2) Plaintiffs' failure to fix defects within the home. The district court concluded that (1) whether the rental agreement was extended was irrelevant given Defendants' nonpayment of rent, and (2) Defendants failed to give written notice of any alleged defects that would entitle them to abate any portion of their rent. Defendants argued that they were not permitted to present evidence of an extended rental agreement or abatement. This Court issued a calendar notice proposing to affirm the district court's decision, wherein we suggested that the evidence was not relevant to the district court's ruling on the action for possession given that Defendants were in breach for failure to pay August and September 2012 rent and there was no written notice to abate.

{3} In response, Defendants maintain that the main error present in this case was the district court's failure to allow evidence regarding the extension of the lease or abatement of the rent. As an initial matter, we note that to the extent Defendants are asserting that the district court categorically refused to hear evidence relevant to the alleged extension of the rental agreement and Defendants' claims of abatement, the record indicates that this is not an accurate representation of the proceedings. [CD, 1-15-13, 11:52:48-12:37:22] To the extent the Defendants contend otherwise, Defendants have not provided this Court with citations to the record where such rulings were made, and this Court will not search the record where a party fails to cite

3

to the record to support its factual allegations. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 1992-NMSC-044, ¶ 11, 114 N.M. 103, 835 P.2d 819 (providing that where a party fails to cite to any part of the record in support of its factual allegations, the Court need not consider its argument on appeal).

{4}     To the extent Defendants assert that the district court had an obligation to consider evidence relating to the extended lease agreement and to their claims of abatement to determine whether it should allow Defendants to remain in possession of the premises as a matter of equity, we are unconvinced that Defendants have demonstrated error. Although this Court is aware that Section 47-8-4 of the Owner-Resident Relations Act provides that, "[u]nless displaced . . . [,] the principles of law and equity . . . supplement its provisions[,]" NMSA 1978, § 47-8-4 (1995), a person claiming an equitable remedy "must come with clean hands." *Danley v. City of Alamogordo,* 1978-NMSC-031, ¶ 10, 91 N.M. 520, 577 P.2d 418. This principle is reflected in the authority Defendants rely on in support of their argument. *See Navajo Academy, Inc. v. Navajo United Methodist Mission Sch.*, 1990-NMSC-005, ¶ 16, 109 N.M. 324, 785 P.2d 235 (upholding the district court's exercise of its equitable powers to allow the tenant to retain possession of the property for a limited period of time, and

noting that the "trial court . . . considered the equities in the case before it and found that the Academy had come before the court with clean hands"). Here, the district court specifically found that the Defendants came before it with unclean hands. [CD, 1/15/13, 2:42:16-2:43:24] Defendants have not provided any basis to question much less overturn that finding. As a result, we conclude that Defendants have failed to demonstrate that the district court abused its discretion to the extent it did not allow Defendants to present additional evidence of the alleged extension of the lease or evidence of equitable abatement.

{5}     Finally, to the extent Defendants argue that there is no support for the district court's bifurcation of the eviction proceedings from Defendants' counterclaims and that Defendants should be permitted to remain on the premises until the counterclaims are resolved, we disagree.  Defendants assert that their affirmative defenses and counterclaims directly relate to the payment of rent and the alleged basis for Plaintiffs' petition for restitution, and that to separate them runs afoul of judicial economy. [MIO 5, 9] However, we note that the district court's decision to have the claims proceed separately is precisely what is contemplated by the Owner-Resident Relations Act. NMSA 1978, Section 47-8-42 (1975) provides that a person seeking possession shall file a petition for restitution and that "[t]he petition may also contain other causes of action relating to the residency, but such causes of action *shall be answered and tried*

*separately*, if requested by either party in writing." (Emphasis added). Because Plaintiffs sought to have a decision on their petition for a writ of restitution expedited [RP 132], we conclude that the district court did not err in resolving the Plaintiffs' claims regarding possession separate and apart from the remaining counterclaims.

{6}     Moreover, to the extent Defendants argue that they should be permitted to stay in possession of the property pending resolution of their counterclaims, we conclude that the Owner-Resident Relations Act does not support Defendants' argument. Given that the Owner-Resident Relations Act permits the petition for restitution to be tried separately and an appeal from the issuance of a writ of restitution filed immediately in order to effectuate a stay, *see* Section 47-8-47, we conclude that it is clear from these and other provisions of the Act that the issue of possession is intended to be resolved in a timely and expeditious manner. *See, e.g.,* NMSA 1978, § 47-8-43 (1995) (requiring that a trial of the action for possession shall be set "not less than seven or more than ten days after the service of summons"); NMSA 1978, § 47-8-46 (1995) (requiring that a writ of restitution be executed "not less than three nor more than seven days after entry of judgment"). We therefore conclude that Defendants have not established that they are entitled to remain in possession of the property during the pendency of their counterclaims. To the extent that Defendants' argument that they retain possession is premised on the district court exercising its "inherent equitable

6

powers to prevent . . . eviction" [MIO 7], we note—as we did above—that the district court determined Defendants had come before it with unclean hands. As a result, such an equitable remedy remains unavailable to Defendants.

{7}      For the reasons stated above, and in this Court's notice of proposed disposition, we affirm the district court.

{8}      **IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**J. MILES HANISEE, Judge**